IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1240

 Filed: 3 December 2019

New Hanover County, No. 15CRS051193

STATE OF NORTH CAROLINA

 v.

CASHAUN K. HARVIN, Defendant.

 Appeal by Defendant from judgments entered 8 May 2018 by Judge Phyllis M.

Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 7

August 2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Ryan F.
 Haigh, for the State.

 Massengale & Ozer, by Marilyn G. Ozer, for the Defendant.

 BROOK, Judge.

 Cashaun K. Harvin (“Defendant”) appeals from judgments entered upon jury

verdicts finding him guilty of first-degree murder, attempted first-degree murder,

attempted robbery with a dangerous weapon, assault with a deadly weapon with

intent to kill inflicting serious injury (“AWDWIKISI”), robbery with a dangerous

weapon, and conspiracy to commit robbery with a dangerous weapon. We hold that

the trial court deprived Defendant of his right to counsel. Defendant is therefore

entitled to a new trial.
 STATE V. HARVIN

 Opinion of the Court

 I. Background

 In this case, “[b]ecause the issue dispositive of [the] appeal does not relate to

the facts surrounding the alleged crimes, a detailed recitation of the facts is

unnecessary.” State v. Dunlap, 318 N.C. 384, 385, 348 S.E.2d 801, 802 (1986). The

charges of which Defendant was found guilty arise from a robbery arranged on the

pretext of a marijuana sale by Robert Scott, Jr., to Tyler Greenfield and a shooting

that took place during this robbery. Mr. Scott and his then-girlfriend sustained

gunshot wounds during the event. Mr. Scott died from his wounds immediately

afterwards. Defendant was seventeen years old at the time of the robbery.

 On 26 May 2015, Defendant was indicted for first-degree murder, attempted

first-degree murder, attempted robbery with a dangerous weapon, and AWDWIKISI.

A superseding indictment for the same charges was issued on 31 October 2016. On

20 March 2017, following the conclusion of Mr. Greenfield’s trial for charges

stemming from his involvement in the robbery and killing, an additional superseding

indictment was issued, adding the charges of robbery with a dangerous weapon and

conspiracy to commit robbery with a dangerous weapon.1

 1 Mr. Greenfield was found guilty of first-degree murder based on the felony murder rule,
second-degree murder, and two counts of AWDWIKISI. State v. Greenfield, ___ N.C. App. ___, ___,
822 S.E.2d 477, 480 (2018). On 4 December 2018, a divided panel of this Court vacated the judgments
entered upon these verdicts and remanded the case for a new trial on one of the convictions for
AWDWIKISI. Id. at ___, 822 S.E.2d at 486. The dissenting judge would have reversed and granted
Mr. Greenfield a new trial on all the charges. Id. at ___, 822 S.E.2d at 489 (Stroud, J., dissenting).
The case is currently pending before the Supreme Court. See State v. Greenfield, ___ N.C. ___, 828
S.E.2d 20 (2019).

 -2-
 STATE V. HARVIN

 Opinion of the Court

 On 23 April 2018, in New Hanover County Superior Court, the Honorable

Phyllis M. Gorham heard evidence and argument related to Defendant’s competency

to stand trial and whether Defendant had waived or forfeited his right to counsel.

The following colloquy transpired:

 THE COURT: Mr. Harvin, good morning.

 MR. HARVIN: Good morning, Your Honor. There are
 some things that I would like to address before the Court
 today before we proceed with, you know, the trial motions
 and stuff. I would like to address the situation of
 ineffective assistance of counsel, Your Honor.

 THE COURT: Let me stop you right there. You don’t have
 an attorney so there is no ineffective assistance of counsel
 claim that you can raise.

 MR. HARVIN: But having – have I not – is he not by stand
 [sic] counsel to provide me with assistance in things that I
 do not understand?

 THE COURT: He is standby counsel but he is not your
 attorney. You have waived your right to all counsel.

 MR. HARVIN: Yes, ma’am.

 THE COURT: So Mr. Mediratta[, your standby counsel,]
 is not your attorney, so what is your question?

 MR. HARVIN: So if it was the decision that he was able to
 replace me or take over the case, like, that’s what I was told
 by Judge Watts [sic]. He said if I wanted to, that he could
 take over my case at any time if I had decided.

 THE COURT: If you decide that you no longer wish
 to represent yourself –

 -3-
 STATE V. HARVIN

 Opinion of the Court

MR. HARVIN: Yes, ma’am.

THE COURT: – and you wish for counsel, that the Court
has assigned a standby counsel to take over and try your
case, that is correct.

MR. HARVIN: Yes, ma’am.

THE COURT: But until that happens, standby counsel is
not your attorney.

...

MR. HARVIN: Your Honor, what I’m asking for is that if I
am allowed – if I’m going to continue to proceed and, you
know, go to trial and stuff like that, instead of, you know,
waivering [sic] my rights and pleading out, I would ask that
I be provided with effective assistance of counsel even if he
not – you know, he’s not actually, you know, representing
me but, you know, if I come to him for advice that he
provide me with substantial knowledge accordingly to the
law, it’s been times to where I ask him something
specifically and he tells me that he don’t know what I’m
talking about or it doesn’t exist but, you know, I have it,
being provided with the statutory book, I can open it up
and show him and then he has said, oh, I forgot this. Well,
you know, right then and there it shows me that you’re
incompetent to, you know, provide me with assistance
because if this is something that I can find, I can go in here
and find it myself and you are not able to do it or you are
not willing to help me, then that means that you are not
willing to provide me with assistance.

THE COURT: Okay, all right, my question is what are you
asking for?

MR. HARVIN: I’m asking for basically someone to replace
him as standby counsel to provide me with assistance,
someone adequate.

 -4-
 STATE V. HARVIN

 Opinion of the Court

THE COURT: Now you represent yourself.

MR. HARVIN: Yes, ma’am.

THE COURT: And the Court doesn’t have to provide you
with standby counsel at all.

MR. HARVIN: Yes, ma’am.

THE COURT: Do you understand that?

MR. HARVIN: Yes, ma’am.

...

THE COURT: All right, let me ask you, Mr. Harvin, do you
still wish to represent yourself at this trial?

MR. HARVIN: If it –

THE COURT: Let me ask you some questions.

MR. HARVIN: Yes, ma’am.

THE COURT: Are you able to hear and understand me?

MR. HARVIN: Yes, ma’am.

THE COURT: Are you now under the influence of any
alcohol, narcotics, drugs, medicines, pills, or any other
substance?

MR. HARVIN: No, ma’am.

THE COURT: How old are you?

MR. HARVIN: 21 at this time.

THE COURT: What is the highest grade you completed in
school?

 -5-
 STATE V. HARVIN

 Opinion of the Court

MR. HARVIN: The 10th grade, Your Honor.

THE COURT: And what grade level can you read and
write?

MR. HARVIN: I would believe the 10th grade, Your Honor.

THE COURT: Do you presently suffer from any mental –
suffer from any mental or physical disabilities?

MR. HARVIN: Your Honor, actually there were points to
where –

THE COURT: I just need you to answer that question as
of this day, this moment, yes or no.

MR. HARVIN: Yes, ma’am.

THE COURT: What do you say are those disabilities?

MR. HARVIN: I believe that I have attention deficit
disorder, like I believe that has to be accommodated by, you
know, medicine because I can only focus for a certain period
of time, like I have a learning disability. I learn slower
than others, like I’m not retarded, I’m intelligent, but it’s
that, you know, it takes me – it’s difficult for me to, you
know, grasp certain things. Like for a person to read
something, it would take like just a page or two or
something like that and actually grasp the concept of it, it
would take them maybe 20 or 10 minutes, it would take me
at least an hour, because I – like I could be focused on this
and my thoughts would trail off.

THE COURT: Let me ask you a question.

When were you diagnosed with attention deficit disorder?

MR. HARVIN: I believe in like maybe about the fifth grade
or something like that.

 -6-
 STATE V. HARVIN

 Opinion of the Court

THE COURT: And you were taking medications?

MR. HARVIN: Yes, ma’am.

THE COURT: And when did you stop taking medications?

MR. HARVIN: When my mom – I can’t remember exactly,
but when my father had got locked up, my mom took it
away because of our religious beliefs.

THE COURT: So you were still in school?

MR. HARVIN: Yes, ma’am.

THE COURT: And you say that you think you might suffer
from learning disabilities. What is your learning
disability?

MR. HARVIN: What is my learning disability?

THE COURT: Yes.

MR. HARVIN: At this point, it’s something that I can’t
really tell you because I’m not a psychiatrist, Your Honor.

THE COURT: So you’ve never been diagnosed with a
learning disability?

MR. HARVIN: Yes, ma’am.

THE COURT: When were you diagnosed?

MR. HARVIN: I believe I said the fifth grade.

THE COURT: So you had attention deficit disorder?

MR. HARVIN: Yes, ma’am.

THE COURT: And another specific learning disability?

 -7-
 STATE V. HARVIN

 Opinion of the Court

MR. HARVIN: ADHD.

THE COURT: So just attention deficit disorder?

MR. HARVIN: Yes, ma’am.

THE COURT: All right.

MR. HARVIN: And a learning disability. I don’t know if
that’s two different things but I know that –

THE COURT: All right, now do you understand that you
have the right to be represented by an attorney?

MR. HARVIN: Yes, ma’am.

THE COURT: Do you understand that you may request a
lawyer be appointed for you if you are unable to hire a
lawyer?

MR. HARVIN: Yes, ma’am.

THE COURT: Do you understand that if you decide to
represent yourself, you must follow the same rules of
evidence and procedure that a lawyer here in this court
must follow?

MR. HARVIN: Yes, ma’am.

THE COURT: Do you understand that if you decide to
represent yourself, the Court will not give you legal advice
concerning the defenses, jury instructions or other legal
issues that may be raised in the trial?

MR. HARVIN: Does that also continue to standby counsel,
they can’t give me advice?

THE COURT: The Court cannot – the Court cannot give
you any legal advice concerning the jury instructions or the

 -8-
 STATE V. HARVIN

 Opinion of the Court

legal issues.

MR. HARVIN: Can I ask Your Honor, when you say
“Court” are you pertaining to –

THE COURT: I said the Court, I am the Court.

MR. HARVIN: Okay.

THE COURT: Do you understand that?

MR. HARVIN: Yes, ma’am.

THE COURT: Do you understand that as the Judge, I am
an impartial judge in this case and that I would not be
offering you any legal advice, and that I must treat you just
as I would treat an attorney?

MR. HARVIN: Yes, ma’am.

THE COURT: Do you understand that you are charged
with first-degree murder punishable by life in prison
without parole, attempted first-degree murder – what class
is that?

[PROSECUTOR]: B2, Judge.

THE COURT: Punishable by up to life. B2 is punishable
by – that is off the chart. It’s more than 393 months
minimum.

MR. HARVIN: Yes, ma’am.

THE COURT: Attempted robbery with a dangerous
weapon, and that’s – attempt is an E. There actually would
be a D in this case, 204 months; assault with a deadly
weapon with intent to kill inflicting serious injury,
punishable by up to 231 months.

Robbery with a dangerous weapon punishable by up to 204

 -9-
 STATE V. HARVIN

 Opinion of the Court

months; conspiracy to commit robbery with a dangerous
weapon, punishable by up to 88 months.

Do you understand that’s what you’re charged with?

MR. HARVIN: Could you reread that again for me, please?
I apologize. There are certain things that I didn’t catch.

THE COURT: Well, you understand you are charged with
all of those charges; first-degree murder, attempted first-
degree murder, attempted robbery with a dangerous
weapon, assault with a deadly weapon with intent to kill
inflicting serious injury, robbery with a dangerous weapon,
conspiracy to commit robbery with a dangerous weapon.
Do you understand that?

MR. HARVIN: Yes, ma’am.

THE COURT: All right, with all of these in mind, what
you’re charged with, what potential punishment for each
crime is, do you still now wish – do you now wish to ask me
any questions?

MR. HARVIN: Yes, Your Honor. Before you make your
ruling, Your Honor, I want you to also take into
consideration that, you know –

THE COURT: I’m just asking you questions about your
representation, about whether or not you want to continue
to represent yourself.

MR. HARVIN: And what are, like, if I decide to proceed –

THE COURT: No, I just need to know, do you have any
questions about what I just said to you about that?

MR. HARVIN: Can you read the last part, please?

THE COURT: I’m going the read the next question to you.
Do you still wish to waive your right to the assistance of an

 - 10 -
 STATE V. HARVIN

 Opinion of the Court

attorney and do you voluntarily and intelligently decide to
represent yourself in this case?

MR. HARVIN: No, ma’am.

THE COURT: You do not wish to represent yourself?

MR. HARVIN: No, ma’am.

THE COURT: So what are you asking the Court for today?

MR. HARVIN: Your Honor, what I was asking for initially
was asking was that, like I said, I be provided with
adequate by stand [sic] counsel and I was asking for more
sufficient time to prepare my own defense. And what I was
going to address was that I don’t feel like I should
relinquish my rights as counsel, I just need more time to
prepare and understand the law.

THE COURT: Now, Mr. Harvin, I am treating you as an
attorney.

MR. HARVIN: Yes, ma’am.

THE COURT: The question I have for you today: Are you
going to continue to represent yourself in your case?

MR. HARVIN: No, ma’am.

THE COURT: What are you asking for?

MR. HARVIN: I’m asking for effective assistance of
counsel.

THE COURT: You are asking to be represented by an
attorney?

MR. HARVIN: Yes, ma’am.

THE COURT: And you are asking this court to once again

 - 11 -
 STATE V. HARVIN

 Opinion of the Court

appoint an attorney to represent you in your case?

MR. HARVIN: Yes, ma’am.

THE COURT: Mr. Harvin, you understand that if I choose
to appoint an attorney to represent you –

MR. HARVIN: Yes, ma’am.

THE COURT: – that it will be over from that point? You
can’t come back in here and say you don’t like that
particular attorney.

MR. HARVIN: Yes, ma’am.

THE COURT: Because by law, you will have forfeited your
right to have any attorney to represent you.

Do you understand that?

MR. HARVIN: Yes, ma’am.

THE COURT: And you will be back in the same position
that you are now.

Do you understand that?

MR. HARVIN: Yes, ma’am. Your Honor?

THE COURT: Yes, sir.

MR. HARVIN: I just have a reasonable question.

THE COURT: I hope it’s a reasonable question.

MR. HARVIN: I just – I just take it as this is ineffective
assistance of counsel.

THE COURT: What is ineffective assistance of counsel?

 - 12 -
 STATE V. HARVIN

 Opinion of the Court

MR. HARVIN: I was about to state the reasons.

THE COURT: Well what is – I don’t understand because
you have to understand, you don’t have an attorney.

MR. HARVIN: I’m talking about now, I’m talking about,
you know, prior situations.

THE COURT: I don’t want to talk about prior situations.

MR. HARVIN: Okay, ma’am.

THE COURT: You’ve had some excellent attorneys, I want
you to understand, excellent attorneys.

MR. HARVIN: Your Honor, I’ve been down here for three
years with no bond. I’m charged with a charge that
according to the North Carolina statute doesn’t exist.
First-degree attempted murder doesn’t even exist. Your
Honor, I have – there was a illegally obtained evidence and
they didn’t even address the situation so how can –

THE COURT: Listen.

MR. HARVIN: Yes, ma’am.

THE COURT: Do you understand that if you have an
attorney appointed to represent you, it is your attorney
who will try your case and not you?

MR. HARVIN: But it’s my right.

THE COURT: Listen to me.

MR. HARVIN: Yes, ma’am.

THE COURT: If an attorney is appointed to represent you,
your attorney tries your case, you don’t try your case. Are
you willing to give up that right?

 - 13 -
 STATE V. HARVIN

 Opinion of the Court

MR. HARVIN: Yes, ma’am.

THE COURT: Because you have a right to represent
yourself.

MR. HARVIN: Yes, ma’am.

THE COURT: Do you understand that?

MR. HARVIN: Yes, ma’am.

THE COURT: And you still choose to give up that right
today?

MR. HARVIN: Yes, ma’am.

THE COURT: How soon can this case be set for trial?

[PROSECUTOR]: I wish to be heard. First and foremost,
he’s had four attorneys appointed to him. The last two he
fired, said they didn’t get along with him, irreconcilable
differences. He was appointed Mr. Mediratta as standby
counsel. We went through a whole soliloquy in December
and we set April 23rd as the trial date so Mr. Mediratta
and Mr. Harvin could be ready.

We’re now here, Judge, and the defendant now wants an
attorney. If he gets an attorney, he’s not going to like his
attorney, he doesn’t like any attorneys. Two months from
now, we’re in the same position, he’s going to fire an
attorney and he’s going to come back and he’s going to want
an attorney. This defendant is playing games with the
system.

It’s time. It’s been over three years, Judge. The issue with
any continuances for the State, Judge, is the fact that our
cooperating witness got a year and a half probation back in
December. We scheduled this trial three times during his
probation term, during one of his probation terms he was
to testify against the defendant. The defendant then is

 - 14 -
 STATE V. HARVIN

 Opinion of the Court

 getting rewarded if he continues the case past the end of
 his probation in June, Judge. That’s not fair to the State.
 The State has prepped this case for trial multiple times,
 flying in witnesses. We have two witnesses flying in across
 the country in the matter today, Judge.

 It’s not a fair trial to the State for this defendant to get
 another trial represented by another attorney that he
 again doesn’t like. I think at this point the State would ask
 that he represent himself, use Mr. Mediratta who is
 standby counsel, or he forfeit his right to an attorney,
 Judge, because again he can’t – he’s going to fire his
 attorney, he’s going to want a continuance and want to go
 back and forth and the State is prejudiced by any
 continuance at this point because of the June 8th date for
 Mr. Sampson, Judge.

 That’s the State’s position regarding that, Judge.

 THE COURT: Mr. Mediratta are you ready for this case?

 MR. MEDIRATTA: I am not. Your Honor, I’m appearing
 as standby counsel. He has not been communicating, he is
 not willing to work with me. Even with the discovery,
 we’ve had serious communication problems. I am not
 prepared to take this case to trial today, Your Honor.

The court then took a brief recess and after returning and continuing the hearing,

heard testimony from the attorneys that had previously been appointed to represent

Defendant but had been allowed to withdraw.

 After this evidentiary hearing, the following colloquy transpired:

 [PROSECUTOR]: Judge, a few issues obviously we would
 ask the Court to consider in this case regarding the
 continued issues Mr. Harvin raises. I think obviously Mr.
 Harvin at this point is moving to get an attorney and he
 previously waived that counsel, so I think one of the

 - 15 -
 STATE V. HARVIN

 Opinion of the Court

questions the Court has to consider is whether he has
forfeited that counsel by law and a lot of cases regarding
forfeiture in North Carolina deal with erratic behavior by
the defendant in the courtroom. That’s not really at play
here, Judge, but what case law has said is that in State v.
Boyd, being the most prevalent case on point, 200 N.C.
App. 97, that any willful actions on the part of the
defendant that result in the absence of Defense Counsel
constitutes a forfeiture of the right to counsel.

In addition, the defendant may lose his constitutional right
to be represented by counsel of his choice when a right to
counsel is perverted for the purpose of obstructing and
delaying a trial.

Judge, I would argue in this case, the Boyd case, there’s no
erratic actions by the defendant, there’s no hysteria in the
courtroom or rude interjections of the defendant. But
basically we have a similar fact pattern in which the
defendant involved fired two different attorneys and was
actually told on the day of trial that he was to represent
himself.

...

I think it’s clear that [Mr. Harvin’s] actions in this case are
to obstruct and delay the trial by asking for an attorney at
this time. Again, this defendant, for the record, in
November was given the opportunity to have counsel. Mr.
Evans withdrew, he denied that with Mr. Watson and then,
Your Honor, on December 27th of last year, this defendant
exercised on the record through colloquial questions that
he wants to represent himself.

...

And now we’re in the eve of trial and he makes this motion,
Judge. I think it’s clearly based on the timetable and
timeline of those actions. This defendant is making those
and asking to represent himself, obstructing and delaying

 - 16 -
 STATE V. HARVIN

 Opinion of the Court

the trial and, as a result, he has forfeited counsel and we
ask you to deny the motion at this time and proceed to trial,
Judge.

...

I would also argue that because this defendant on
December 28th of 2017, waived his right to all counsel and
elected to represent himself, that the Court did go through
all the necessary questions with him, clearly advised him
of his right to an attorney, clearly advised him of what he
is being charged with and the nature and consequences of
a conviction, what he could face. And that the defendant
did elect to represent himself, signed a waiver, that waiver
was signed knowingly and voluntary.

Judge, I would argue that in order to withdraw that waiver,
there needs to be a showing by the defendant of good cause.

...

So I think clearly the timing is very, very suspect given the
facts that all his other motions were denied, given the fact
that he asked for you to be recused, you denied that and
the motion to continue which was denied. And, Judge, I
think on the record earlier today before, you know, we
addressed the issue of, you know, going through the whole
process, asking him about can you hear and understand
me, I mean, it’s my understanding that he said I would like
an attorney so I would have more time to prepare my case.
So I think that in and of itself and all these factors show
that this is clearly a tactic to delay and frustrate the
orderly process of the trial court.

THE COURT: Mr. Harvin.

MR. HARVIN: Your Honor, no way I’m trying to frustrate
the Court. Your Honor, all that I ask of the Court is that I
was provided a reasonable time period to adequately
prepare for my case. I actually didn’t want to relinquish

 - 17 -
 STATE V. HARVIN

 Opinion of the Court

my spot as counsel, but at this point I feel compelled
because, Your Honor, I ask that you take into consideration
that I am not – I am not a counsel. I mean, I am not an
attorney. I never went to school to become an attorney. I
have been provided with the proper issues like essential
like basic statutory law book, but, Your Honor, you also
have to consider the experience. Experience is an
important factor and I don’t believe that this statutory
provision would be sufficient enough to meet the threshold,
you know, of adequate representation because it only
provides you with certain things but it doesn’t provide you
with things that’s accordingly to court rules and stuff like
that.

As you can observe like, you know, even me questioning
witnesses and stuff, I struggle with that because, you
know, I kind of have a difficult time understanding the
difference between, you know, direct examination, cross-
examination and this is stuff that I’m learning as I’m
proceeding. Like everything that I’m doing is that –
everything I’m doing is a learning process while I’m
proceeding to be prosecuted for life sentencing charges.

So I ask that you consider the severity of my charges and
also the timeframe that I was presented to, you know,
create a defense on my behalf. Your Honor, I believe like
now it’s a difficult time like. And, Your Honor, in all
honesty, like I said, it’s not something to delay or, you
know, frustrate the Court but I don’t believe that, you
know, I’m adequately prepared, like I came in here today,
Your Honor, you know, this notebook – I apologize but, you
know, you can see like there’s nothing on here. You feel
what I’m saying? And if you decide to make your ruling
accordingly to what the prosecution is stating, I’m at y’all’s
mercy, like, there’s nothing on there for me to defend
myself. I’m going through life and that’s what I plan on
doing.

I believe I am entitled to certain rights, that’s required by
law, statutory provision and also you know the

 - 18 -
 STATE V. HARVIN

 Opinion of the Court

Constitution of the United States and the Constitution of
North Carolina, it doesn’t specify certain things but I
believe in your discretion, in the integrity of the Court, that
you are supposed to, you know, be fair and take into
consideration, like I presented to Your Honor, I have a –

THE COURT: I don’t want to hear – I don’t want you to
repeat anything because I’ve already heard all of your
previous arguments, so if you’ve got anything else that you
want to add, I want to hear it, but don’t repeat yourself.

MR. HARVIN: Okay, yes, ma’am.

...

I really believe, I don’t believe that I can provide, you know,
the representation that’s required by law.

THE COURT: All right. You may have a seat. We’ll first
deal with the issue of capacity to proceed. The defendant
stated earlier in these hearings that he had a disability,
attention deficit disorder; that he had the inability to
comprehend what he was reading. The Court has had an
opportunity to observe the defendant for several hearings,
that the defendant has been able to read, explain statutes,
and case law to the Court, does not appear there has been
a lack of understanding from this Court’s observation.

The Court has heard from the testimony of the attorneys
who previously represented the defendant: Attorneys
Bruce Mason, Alex Nicely, Merritt Wagoner and Shawn
Robert Evans. Each was asked whether or not there was
any issue with the defendant’s capacity to proceed to trial
and each stated that in their opinion there was no issue as
to the defendant’s competency; that the defendant
understands the nature of and the object of the
proceedings, all the charges that he is charged with, and
that he comprehends the situation in reference to these
proceedings. And that he has at that point, up to this point,
been representing himself in a rational and reasonable

 - 19 -
 STATE V. HARVIN

 Opinion of the Court

manner.

Now as to the defendant’s request on the day of trial for an
attorney, that on February 9, 2015, the Court appointed
Bruce Mason through the Public Defender who requested
Mr. Mason to represent the defendant. Mr. Mason
represented the defendant from February of 2015 to July
25th of 2016. Mr. Mason testified that he had to withdraw
because he had other matters that were pressing, and that
Mr. Nicely substituted to represent the defendant on or
about July 25, 2016. . . .

Mr. Nicely testified and the record reflects that he was
appointed on or about July 25, 2016, until May 12, 2017,
when Merritt Wagoner was appointed by the Court to
represent the defendant. Mr. Nicely testified that he
represented him up until the time that he went to work in
the Brunswick County District Attorney’s Office. . . .

On or about May 12, 2017, the Court appointed Merritt
Wagoner to represent the defendant and he represented
the defendant until on or about September 28, 2017. Mr.
Wagoner testified that he filed a motion to withdraw from
the defendant’s case at the defendant’s request and was
allowed to withdraw from the case on September 28,
2017. . . .

That on or about September 28, 2017, the Court allowed
Mr. Wagoner to withdraw. The Court appointed Shawn
Robert Evans to represent the defendant. Mr. Evans
represented the defendant until he was removed from the
case December 12, 2017.

...

That on December 12, 2017, Mr. Evans filed a motion to
withdraw as counsel for the defendant at the Defendant’s
request. On December 12, 2017, the defendant at that time
informed the Court that he wished to represent himself.
Judge Watson at that time – the defendant at that time

 - 20 -
 STATE V. HARVIN

 Opinion of the Court

signed a waiver of his right to all counsel. Judge Watson
at that time appointed Paul Mediratta as standby counsel.

That on December 28, 2017, this defendant was in front of
this judge. At that time, he still intended to waive his right
to counsel. This court advised defendant of his waiver of
counsel. At that time he still intended to represent himself
and he signed a waiver of his right to counsel.

At that time he did not wish to have an attorney, he wished
to represent himself. That the defendant has had multiple
opportunities to ask the Court for an attorney to represent
him on his cases. That on January 28, 2018, the defendant
was before this Court and at that time if he wished to have
an attorney to represent him, he had the opportunity to ask
the Court for an attorney and he did not.

On March 26, 2018, he was before Judge Willey and at that
time he had an opportunity to inform the Court of his – to
ask the Court for an attorney. He did not.

On April 3, 2018, the defendant was again before this
Court. At that time, he had an opportunity to ask the
Court for an attorney, he did not.

The Court finds that he had no good cause as of today, the
day of trial, to ask this Court for an attorney to represent
him. That in fact this Court believes that based upon the
defendant’s actions from the time that Mr. Merritt
Wagoner was appointed to represent him on May 12, 2017;
Mr. Shawn Evans was appointed to represent him on
September 28, 2017, the defendant requesting that both of
these attorneys withdraw from representing him, finds
that the defendant has forfeited his right to have an
attorney to represent him at this trial; that his actions have
been willful and that he has obstructed and delayed these
court proceedings.

Therefore the Court finds that the defendant has forfeited
his right to have an attorney represent him at this trial.

 - 21 -
 STATE V. HARVIN

 Opinion of the Court

 The State shall proceed to trial in this case this week. It is
 in my discretion as to whether or not the defendant will
 have an attorney as standby counsel. I’m going to keep Mr.
 Mediratta as standby counsel. If you choose to use him,
 you may but you do not have to.

 Judge Gorham then heard pre-trial motions. Two days of jury selection

followed. The trial lasted eight days.

 On the eighth day of trial the jury returned verdicts of guilty on all of the

offenses charged. The trial court sentenced Defendant to life in prison with the

possibility of parole for the murder conviction. For the remaining convictions,

however, the trial court determined Defendant to be a prior record level I offender

and sentenced him to 200 to 254 months for attempted murder, 60 to 84 months for

attempted robbery with a dangerous weapon, 60 to 84 months for AWDWIKISI, 60 to

84 months for robbery with a dangerous weapon, and 25 to 42 months for conspiracy

to commit robbery with a dangerous weapon, ordering that the sentences run

consecutively. Defendant entered notice of appeal in open court.

 II. Analysis

 The dispositive issue presented by this appeal is whether the trial court erred

by concluding that Defendant had forfeited his right to counsel. We hold that it did,

depriving Defendant of his right to counsel. Defendant is therefore entitled to a new

trial. See Dunlap, 318 N.C. at 388-89, 348 S.E.2d at 804-05.

 - 22 -
 STATE V. HARVIN

 Opinion of the Court

 Individuals accused of serious crimes are guaranteed the right to counsel by

the Sixth Amendment to the U.S. Constitution and Article I, Sections 19 and 23 of

the North Carolina Constitution. State v. Hyatt, 132 N.C. App. 697, 702, 513 S.E.2d

90, 94 (1999) (citing Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed.2d

799 (1963)). This includes the right of indigent defendants to be represented by

appointed counsel. State v. Holloman, 231 N.C. App. 426, 429, 751 S.E.2d 638, 641

(2013). This Court has recently reiterated, “[t]he right to counsel is one of the most

closely guarded of all trial rights.” State v. Schumann, ___ N.C. App. ___, ___, 810

S.E.2d 379, 386 (2018) (internal marks and citation omitted).

 Whether there has been a deprivation of the right to counsel involves two

related issues: (1) voluntary waiver of the right to counsel; and (2) forfeiture of the

right to counsel. State v. Blakeney, 245 N.C. App. 452, 459-61, 782 S.E.2d 88, 93-94

(2016). “Although the loss of counsel due to defendant’s own actions is often referred

to as a waiver of the right to counsel, a better term to describe this situation is

forfeiture.” State v. Montgomery, 138 N.C. App. 521, 524, 530 S.E.2d 66, 69 (2000).

We review de novo the question of whether a defendant has forfeited the right to

counsel. State v. Pena, ___ N.C. App. ___, ___, 809 S.E.2d 1, 5 (2017).

 A. Voluntary Waiver

 “First, a defendant may voluntarily waive the right to be represented by

counsel[.]” Blakeney, 245 N.C. App. at 459, 782 S.E.2d at 93. This category of

 - 23 -
 STATE V. HARVIN

 Opinion of the Court

voluntary waiver includes (1) waiver of the right to appointed counsel and (2) waiver

of the right to counsel and the decision to proceed pro se. State v. Curlee, ___ N.C.

App. ___, ___, 795 S.E.2d 266, 269-70 (2016). This is because the right to counsel

includes “the right of an indigent defendant to appointed counsel,” Montgomery, 138

N.C. App. at 524, 530 S.E.2d at 68, the right of a defendant who can afford to retain

counsel to “private counsel . . . of his choosing,” id., and the “right [of a defendant] to

handle his own case without interference by, or the assistance of, counsel,” State v.

Thomas, 331 N.C. 671, 673, 417 S.E.2d 473, 475 (1992) (citation omitted).

 A circumstance that “arises with some frequency . . . is that of the defendant

who waives the appointment of counsel and whose case is continued in order to allow

him time to obtain funds with which to retain counsel.” Curlee, ___ N.C. App. at ___,

795 S.E.2d at 270. In this situation,

 [b]y the time such a defendant realizes that he cannot
 afford to hire an attorney, his case may have been
 continued several times. At that point, judges and
 prosecutors are understandably reluctant to agree to
 further delay of the proceedings, or may suspect that the
 defendant knew that he would be unable to hire a lawyer
 and was simply trying to delay the trial.

Id. Our Court has indicated that a voluntary waiver of the right to counsel is still

possible in this situation:

 the trial court [may] inform the defendant that, if he does
 not want to be represented by appointed counsel and is
 unable to hire an attorney by the scheduled trial date, he
 will be required to proceed to trial without the assistance

 - 24 -
 STATE V. HARVIN

 Opinion of the Court

 of counsel, provided that the trial court informs the
 defendant of the consequences of proceeding pro se and
 conducts the inquiry required by N.C. Gen. Stat. § 15A-
 1242.

Id. (emphasis in original).

 B. Forfeiture

 There is also a circumstance in which “a criminal defendant may no longer

have the right to be represented by counsel”; that is, where the “defendant engages

in such serious misconduct that he forfeits his constitutional right to counsel.”

Blakeney, 245 N.C. App. at 460, 782 S.E.2d at 93. “Unlike waiver, which requires a

knowing and intentional relinquishment of a known right, forfeiture results in the

loss of a right regardless of the defendant’s knowledge thereof and irrespective of

whether the defendant intended to relinquish the right.” Montgomery, 138 N.C. App.

at 524, 530 S.E.2d at 69 (citation omitted). As this Court observed in Blakeney,

although

 [t]here is no bright-line definition of the degree of
 misconduct that would justify forfeiture of a defendant’s
 right to counsel[,] . . . forfeiture has generally been limited
 to situations involving “severe misconduct” and specifically
 to cases in which the defendant engaged in one or more of
 the following: (1) flagrant or extended delaying tactics,
 such as repeatedly firing a series of attorneys; (2) offensive
 or abusive behavior, such as threatening counsel, cursing,
 spitting, or disrupting proceedings in court; or (3) refusal
 to acknowledge the trial court’s jurisdiction or participate
 in the judicial process, or insistence on nonsensical and
 nonexistent legal “rights.”

 - 25 -
 STATE V. HARVIN

 Opinion of the Court

245 N.C. App. at 461-62, 782 S.E.2d at 94.

 Despite the fact-specific nature of the inquiry, warnings by the trial court that

a defendant may lose the right to counsel through dilatory conduct, see Curlee, ___

N.C. App. at ___, 795 S.E.2d at 271-73, or observations by the trial court that the

defendant has engaged or is engaging in dilatory conduct, see State v. Simpkins, ___

N.C. App. ___, ___, 826 S.E.2d 845, 850-51 (2019), are relevant to determining

whether a defendant has forfeited the right to counsel. Relatedly, our Court has held

that where the defendant had never indicated a desire to proceed pro se, a

“defendant’s request for a continuance in order to hire a different attorney, even if

motivated by a wish to postpone [] trial, [is] nowhere close to the ‘serious misconduct’

that has previously been held to constitute forfeiture of counsel.” Blakeney, 245 N.C.

App. at 463-64, 782 S.E.2d at 95.

 C. Colloquy Required to Implement Constitutional Right to Counsel

 Unless the defendant “engage[s] in such serious misconduct as to warrant

forfeiture of the right to counsel[,] the trial court [is] required to comply with the

mandate of North Carolina General Statute § 15A-1242.” Simpkins, ___ N.C. App. at

___, 826 S.E.2d at 852 (internal marks and citation omitted). N.C. Gen. Stat. § 15A-

1242 provides:

 A defendant may be permitted at his election to proceed in
 the trial of his case without the assistance of counsel only
 after the trial judge makes thorough inquiry and is
 satisfied that the defendant:

 - 26 -
 STATE V. HARVIN

 Opinion of the Court

 (1) Has been clearly advised of his right to the assistance
 of counsel, including his right to the assignment of counsel
 when he is so entitled;

 (2) Understands and appreciates the consequences of this
 decision; and

 (3) Comprehends the nature of the charges and proceedings
 and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2017). The purpose of the colloquy required by N.C. Gen.

Stat. § 15A-1242 is to comply with the constitutional requirement that a waiver of

the right to counsel be made “knowingly, intelligently, and voluntarily[.]” Blakeney,

245 N.C. App. at 459-60, 782 S.E.2d at 93. The Supreme Court has held that this

waiver “must be expressed clearly and unequivocally.” Thomas, 331 N.C. at 673, 417

S.E.2d at 475 (internal marks and citation omitted). And failure to comply with N.C.

Gen. Stat. § 15A-1242 constitutes prejudicial error. Id. at 674, 417 S.E.2d at 476.

 D. The Right to Proceed Pro Se

 However, “[a] defendant has only two choices—‘to appear in propria persona

or, in the alternative, by counsel. There is no right to appear both in propria persona

and by counsel.” Id. at 677, 417 S.E.2d at 477 (internal marks and citation omitted).

“The duties of standby counsel are limited . . . to assisting the defendant when called

upon and to bringing to the judge’s attention matters favorable to the defendant upon

which the judge should rule upon his own motion.” Id. at 677, 417 S.E.2d at 478

(internal marks and citation omitted). The Supreme Court has therefore held that a

 - 27 -
 STATE V. HARVIN

 Opinion of the Court

waiver of the right to counsel is ineffective where the defendant clearly

misunderstands the role of standby counsel and seeks “to proceed to trial as lead

counsel of a defense team . . . includ[ing] licensed, appointed attorneys.” Id. at 675,

417 S.E.2d at 476.

 E. The Trial Court’s Erroneous Forfeiture Conclusion

 In the present case, the trial court attempted to complete the colloquy required

by N.C. Gen. Stat. § 15A-1242 after Defendant requested replacement of his standby

counsel, but instead of waiving his right to counsel, Defendant invoked it, and

requested that counsel be appointed. Prior to concluding that Defendant had

forfeited his right to counsel, during the hearings that took place over the years that

Defendant was in jail awaiting trial, the trial court had not made any note of dilatory

tactics in which Defendant had engaged, nor did the court warn Defendant that

requesting new standby counsel or activating his standby counsel on the day set for

trial could result in a finding that he had forfeited his right to counsel. Quite the

contrary, in fact: on 12 December 2017, when Mr. Mediratta was appointed as

Defendant’s standby counsel, the court assured Defendant that Mr. Mediratta could

be activated as primary counsel in the event that Defendant did not wish to continue

to proceed pro se. Specifically, the following colloquy transpired:

 [MR HARVIN]: I would like to represent myself, but I
 would like assistance, perhaps.

 THE COURT: Okay. You have that option, of course. The

 - 28 -
 STATE V. HARVIN

 Opinion of the Court

 court, in its discretion, can determine that you’re entitled
 to standby counsel, which means that you can represent
 yourself, but standby counsel can be there to assist you if
 you have legal questions or process questions that you
 might need to refer to. You can do that through standby
 counsel.

 Of course, at any point in time, if you chose to then request
 standby counsel to be made first chair, then that would put
 you in the position to have to speak to another judge about
 that at the appropriate time.

 What I would like to do is observe your right to counsel.
 And that is, if you do wish to represent yourself, you always
 have that right. But you can’t do it while you have an
 attorney already assigned if they are first chair in the case.
 Do you understand that?

 You would like to proceed representing yourself, but you
 would still like the assistance of counsel; is that correct?

 [MR. HARVIN]: Yes, sir.2

Over the State’s objection, the trial court ruled on 12 December 2017 that it “[did] not

find at this point in time that Mr. Harvin has vacated his right to request counsel,

nor that any of his actions have forfeited his opportunity to have assigned counsel.”

 2 As noted above, Defendant makes reference to his understanding of this 12 December 2017
exchange in his 23 April 2018 colloquy with Judge Gorham. Specifically, discussing standby counsel
Defendant stated as follows: “So if it was the decision that he was able to replace me or take over the
case, like, that’s what I was told by Judge Watts [sic]. He said if I wanted to, that he could take over
my case at any time if I had decided.” This, in no uncertain terms, rebuts the dissent’s assertion that
“Defendant did not say anything during the 3 April 2018 pre-trial hearing or any other pre-trial
hearing to indicate that he made his decision to represent himself in reliance on a representation that
he could always call up his stand-by counsel into service.” Harvin, infra at _____ (Dillon, J.,
dissenting); see also State v. Blankenship, 337 N.C. 543, 552, 447 S.E.2d 727, 732-33 (1994) (rejecting
defendant’s request for a new trial because there was “no showing in the record or transcript that
defendant relied on anything the trial court said [regarding stand-by counsel] in choosing to represent
himself.”) (emphasis added).

 - 29 -
 STATE V. HARVIN

 Opinion of the Court

The trial court thus not only did not warn Defendant that his subsequent decision to

activate his standby counsel or request replacement standby counsel could result in

forfeiture of his right to counsel—instead ruling that nothing Defendant had done

supported a forfeiture conclusion as of 12 December 2017—the court did not inform

Defendant that, if he did not wish to continue to proceed pro se, “he [would] be

required to proceed to trial without the assistance of counsel[.]” Curlee, ___ N.C. App.

at ___, 795 S.E.2d at 270.

 The record of the hearing before Judge Gorham on 23 April 2018 offers no

support for the court’s conclusion that Defendant had forfeited his right to counsel.

During the hearing, as well as the two days of jury selection and eight days of trial

that followed, Defendant comported himself with courtesy. The State conceded as

much at the 23 April 2018 hearing, twice. Although the most recent attorney allowed

to withdraw as counsel of record for Defendant was the fifth attorney appointed to

represent him, the record of the 23 April 2018 hearing demonstrates that only two of

the attorneys appointed to represent Defendant withdrew for reasons related to their

relationship with Defendant. Neither of the two attorneys who requested to

withdraw because of their relationship with Defendant appeared to have requested

to withdraw because Defendant was refusing to participate in preparing a defense, or

question the legitimacy of the proceeding against him, but instead due to differences

 - 30 -
 STATE V. HARVIN

 Opinion of the Court

related to the preparation of Defendant’s defense.3 Defendant’s inquiry of the trial

court during that hearing indicated that he did not understand the difference

between the role of standby counsel and primary counsel, suggesting that he may

have wished to lead a defense team as lead counsel consisting of himself and a

licensed attorney, as in Thomas, although the record is not entirely clear on this

point.

 What is clear is that when Judge Gorham did not grant Defendant’s request to

activate his standby counsel on 23 April 2018, Defendant twice requested

appointment of substitute standby counsel. When the court did not grant any of these

requests and instead began to attempt to complete the colloquy required by N.C. Gen.

Stat. § 15A-1242, Defendant clearly and unequivocally stated that he wished to waive

his right to represent himself at trial rather than waive his right to counsel, stating

no fewer than five times that he did not wish to represent himself at trial. As the

record of that hearing reflects, however, Defendant’s requests fell on deaf ears.4

 3
 This case is therefore distinguishable from State v. Boyd, 200 N.C. App. 97, 102-03, 682
S.E.2d 463, 467 (2009), cited by the State in support of its forfeiture argument on 23 April 2018, in
which the defendant repeatedly told his attorney that the case would not go to trial, refused to
cooperate with multiple counsel, and obstructed and delayed the trial proceedings.

 4
 We note that the unequivocal statement by standby counsel at this hearing that he was not
prepared to be activated as primary counsel on the date set for trial counseled by itself against
proceeding with the trial of a self-represented defendant as scheduled; however, this unequivocal
statement by Defendant’s standby counsel strongly counseled against proceeding with the trial on 23
April when Defendant had politely and repeatedly requested that a lawyer be appointed to represent
him as primary counsel and, failing that request, that his standby counsel be activated. Assuming,
arguendo, the trial court’s forfeiture conclusion was not error, granting a continuance and appointing
substitute standby counsel would have been advisable under the circumstances.

 - 31 -
 STATE V. HARVIN

 Opinion of the Court

 This Court’s description of the defendant’s conduct in Simpkins, in which the

defendant was granted a new trial because of the trial court’s deprivation of his right

to counsel, aptly describes Defendant’s conduct in the present case:

 [D]efendant was not combative or rude. There is no
 indication defendant had ever previously requested the
 case to be continued, so [D]efendant did not intentionally
 delay the process by repeatedly asking for continuances to
 retain counsel and then failing to do so. As a whole
 [D]efendant’s arguments did not appear to be designed to
 delay or obstruct but overall reflected his lack of knowledge
 or understanding of the legal process.

___ N.C. App. at ___, 826 S.E.2d at 851. As in Blakeney, Defendant “did not object to

any of the prosecutor’s questions,” and the trial court did not sua sponte sustain any

objections to the introduction of hearsay evidence by the State at trial, despite

sustaining numerous objections by the State to Defendant’s attempts to elicit hearsay

testimony. 245 N.C. App. at 458, 782 S.E.2d at 92. Although the record reflects that

Defendant “did eventually state that he would represent himself,” as in Pena, “it was

not an outright request[,] but was [instead] the decision he ultimately made when

faced with no other option[.]” ___ N.C. App. at ___, 809 S.E.2d at 6. We hold that

Defendant did not forfeit his right to counsel. The trial court’s conclusion to the

contrary was error, depriving Defendant of his right to counsel. Accordingly, a new

trial is required.

 III. Conclusion

 - 32 -
 STATE V. HARVIN

 Opinion of the Court

 The trial court deprived Defendant of his constitutional right to counsel by

concluding that he had forfeited this right. This conclusion was error. Defendant is

entitled to a new trial.

 NEW TRIAL.

 Judge ZACHARY concurs.

 Judge DILLON dissents by separate opinion.

 - 33 -
 No. COA18-1240 – State v. Harvin

 DILLON, Judge, dissenting.

 This matter was called for trial on 23 April 2018 with Judge Gorham presiding.

Defendant appeared pro se, having formally waived his right to counsel four months

earlier. However, instead of indicating that he was ready to proceed, Defendant

requested that Judge Gorham appoint his stand-by counsel to represent him, a

request that would have required a continuance. Judge Gorham denied the request,

and the matter proceeded to trial, resulting in several guilty verdicts.

 On appeal, Defendant, now represented by appellate counsel, argues that (1)

Judge Gorham erred in denying him appointed counsel and (2) Judge Gorham plainly

erred in instructing the jury on an “acting in concert” theory of guilt.

 The majority concludes that Defendant is entitled to a new trial based on Judge

Gorham’s decision not to appoint Defendant new counsel and allow the matter to be

continued, never reaching the jury instruction issue. For the reasons stated below, I

conclude that Judge Gorham did not commit reversible error regarding either issue

raised by Defendant. Accordingly, I respectfully dissent.

 I. No Error in Denying Defendant Counsel on Day of Trial

 This issue on appeal involves the intersection of three legal concepts: (1) the

right of a defendant to withdraw a previous waiver of counsel; (2) the authority of a

trial court to deny a defendant’s request for a continuance of the trial; and (3) the

authority of a trial judge to declare that a defendant has forfeited his right to counsel.

Admittedly, there are some inconsistencies in our case law. But, based on any view
 STATE V. HARVIN

 DILLON, J., dissenting

of our Court’s jurisprudence and based on our Supreme Court’s expressed concern of

a defendant’s effort to delay a trial by asserting a right to counsel at the last minute,

I conclude Judge Gorham acted within her authority and discretion.

 In my view, a defendant who has waived his right to an attorney should

generally be able to withdraw his waiver by simply informing the trial court that he

now wants to be represented.5 That is, a judge generally should not deny a pro se

defendant’s request to be represented (for instance, by stand-by counsel), even if made

on the day of trial, if the request does not require any delay. But where the request,

if granted, would require that the trial judge continue the trial to another term, our

case law suggests that the defendant must generally show “good cause.”6

 Admittedly, some of our cases do suggest that a trial judge may only deny an

11th hour request if she determines that the defendant has “forfeited” his right to an

attorney through some misconduct on his part.7 However, other cases use the

 5 See State v. Hyatt, 132 N.C. App. 697, 700, 513 S.E.2d 90, 93 (1999) (stating that a waiver of
counsel is good “until the defendant makes known to the court that he desires to withdraw the waiver
and have counsel assigned to him”); see also State v. Sexton, 141 N.C. App. 344, 348, 539 S.E.2d 675,
677 (2000) (ordering a new probation hearing where defendant, who had previously waived his right
to counsel, clearly stated on the day of his revocation hearing that he wanted counsel appointed).
 6 Our General Assembly has instructed that a trial judge may ordinarily deny a request for a

continuance unless the party seeking the continuance can show “good cause[.]” N.C. Gen. Stat. § 15A-
952(g)(4) (2018).
 See, e.g., State v. Hoover, 174 N.C. App. 596, 598, 621 S.E.2d 303, 305 (2005) (stating that a
defendant must show “good cause” to withdraw his waiver of counsel); State v. Atkinson, 51 N.C. App.
683, 685, 277 S.E.2d 464, 465 (1981) (holding that defendant “did not meet his burden of showing
sufficient facts entitling him to a withdrawal of the waiver of right to counsel” made on the day of trial
where he had previously indicated on multiple occasions that he was waiving his right to counsel).
 7 See State v. Blakeney, 245 N.C. App. 452, 463, 782 S.E.2d 88, 95 (2016) (holding that a trial

court should have granted a defendant’s motion to continue in order to hire an attorney, “even if

 2
 STATE V. HARVIN

 DILLON, J., dissenting

language that a trial judge may deny the request on a mere failure by the defendant

to show “good cause.”8

 Our Supreme Court has quoted from one of our Court’s “good cause” cases in

stating that a defendant’s timing in making last-minute request for counsel may be

considered in deciding whether to grant the request:

 “[A] defendant wait[ing] until [the] day trial began to
 withdraw waiver and seek appointment of counsel [is] a
 tactic which, if ‘employed successfully, [would permit]
 defendants . . . to control the course of litigation and
 sidetrack the trial[.]’ ”

State v. Blankenship, 337 N.C. 543, 553, 447 S.E.2d 727, 733 (1994) (quoting State v.

Smith, 27 N.C. App. 379, 381, 219 S.E.2d 277, 279 (1975)).9 Indeed, our Supreme

Court has expressed its concern about defendants delaying on invoking rights as a

means of delay:

 We wish to make it abundantly clear that we do not
 approve of tactics by counsel or client which tend to delay
 the trial of cases” and that “an accused may lose his
 constitutional right to be represented by counsel of his
 choice when he perverts that right to a weapon for the
 purpose of obstructing and delaying his trial.

State v. McFadden, 292 N.C. 609, 616, 234 S.E.2d 742, 747 (1977).

motivated by a wish to postpone his trial,” where there was no showing that defendant had “forfeited”
his right to counsel through “serious misconduct”).
 8 See State v. Rogers, 194 N.C. App. 131, 139-40, 669 S.E.2d 77, 83 (2008) (holding that the

judge did not err in denying defendant’s 11th hour request based on defendant’s failure to show “good
cause,” even though defendant may not have otherwise “forfeited” his right to counsel).
 9 Blankenship was overruled in part on other grounds in State v. Barnes, 345 N.C. 184, 230,

481 S.E.2d 44, 69 (1997). However, the right to counsel section of that opinion has not been overruled.

 3
 STATE V. HARVIN

 DILLON, J., dissenting

 In any event, the concern raised by our Supreme Court in Blankenship and

McFadden seems to be in line with the “forfeiture” standard articulated by our Court:

namely, that a forfeiture “results when the state’s interest in maintaining an orderly

trial schedule and the defendant’s negligence, indifference, or possibly purposeful

delaying tactic, combine to justify a forfeiture of defendant’s right to counsel.” State

v. Cureton, 223 N.C. App. 274, 288, 734 S.E.2d 572, 583 (2012).

 Accordingly, it seems that the “good cause” standard and the “forfeiture”

standard are generally treated similarly. That is, a pro se defendant’s desire to be

represented by counsel, in and of itself, generally constitutes “good cause” to justify a

continuance. But the additional fact that defendant has been dilatory in making his

request may support a finding that the defendant has failed to show “good cause” for

a delay or otherwise has “forfeited” his right to his right to counsel where the

invocation of the right would require a delay.

 In either case, it is clear under our case law that a trial judge may deny a

defendant’s request to continue a trial to another term so that the defendant can be

appointed counsel to represent him when the trial judge determines that the

defendant has been dilatory in making the request. This is clear under either a

failure to show “good cause” standard or a “forfeiture” standard. Perhaps our

Supreme Court needs to clarify the ambiguity in our case law. But in this case, Judge

Gorham articulated both standards to support her decision, her decision is supported

 4
 STATE V. HARVIN

 DILLON, J., dissenting

by her findings, and her findings are supported by the evidence that was before her.

Therefore, we should affirm her decision.

 Specifically, in denying Defendant’s request, Judge Gorham “found that

[Defendant] had no good cause as of today, the day of trial, to ask this Court for an

attorney to represent him” and that “based upon his actions from the time [his third

attorney] was appointed to represent him [eleven months earlier] . . . [D]efendant has

forfeited his right to have an attorney to represent him at this trial, [finding] that his

actions have been willful and that he has obstructed and delayed these

court proceedings.” (Emphasis added.) As the trial court judge, these are her

findings to make,10 and there is ample evidence to support her findings.

 Judge Gorham’s findings were supported by the record before her which

demonstrated that Defendant had twice fired his appointed counsel during the

previous nine months and knew that waiting until the last minute to request his

stand-by counsel be pressed into action, if granted, would require a further delay

which would greatly prejudice the State’s ability to prove its case. Specifically, the

evidence before Judge Gorham showed as follows:

 In December 2016, the State agreed to a sentence of probation for a cooperating
 witness, in exchange for that witness’s testimony in Defendant’s trial. The
 term of that probation was for eighteen (18) months, to expire in June 2018;

 10 State v. Morgan, 359 N.C. 131, 143, 604 S.E.2d 886, 894 (2004). See also State v. Siler, 292
N.C. 543, 555, 234 S.E.2d 733, 741 (1977) (“The determinations of good cause [to continue a pre-trial
hearing] and extraordinary cause are for the trial court.”).

 5
 STATE V. HARVIN

 DILLON, J., dissenting

In May 2017, Defendant was appointed counsel. At some point, it appeared
likely that the trial would take place in the Fall of 2017;

Four months later, in September 2017, Defendant fired his appointed counsel,
new counsel was appointed, and the trial date was set for January 2018;

Three months later, in December 2017, at a pre-trial hearing one month before
the scheduled trial, Defendant fired his new counsel and formally waived his
right to counsel. The trial court on its own appointed stand-by counsel, and
the trial court granted Defendant’s request for a continuance to 23 April 2018;

On 28 January 2018 and on 26 March 2018, Defendant attended pre-trial
hearings. He did not indicate at either hearing any change of heart regarding
his decision to represent himself;

On 3 April 2018, three weeks before the scheduled trial, Defendant attended a
pre-trial hearing. At the hearing, he asked for another continuance. Judge
Gorham denied his motion. Defendant’s stand-by counsel then indicated that
he would need several weeks to prepare if he was asked to take over full
representation. Judge Gorham stated that Defendant was not making any
such request, and that she would only deal with such request if it was made.
For his part, Defendant never gave any indication that he had a change of
heart regarding his decision to represent himself or of any reliance on his
ability to change his mind at the last minute;

On 23 April 2018, the matter was called for trial.
--Defendant asked for new stand-by counsel, a request that was denied.
--Defendant then again asked for a continuance.
--But when it became obvious that his request would again be denied,
Defendant asked that the stand-by counsel be appointed to represent him,
knowing that his request, if granted, would accomplish his goal of delaying the
trial again. Indeed, Defendant admitted to Judge Gorham during the hearing
that he was making the request, not out of a desire to have stand-by counsel
represent him, but because he was not prepared to proceed and wanted to delay
the proceeding.
--Before making her decision, Judge Gorham heard from the four attorneys
who had been appointed in the past to represent Defendant in the matter.
Their testimonies tended to show that Defendant was well-acquainted with the
discovery and that he essentially fired his last two appointed attorneys.

 6
 STATE V. HARVIN

 DILLON, J., dissenting

 --Judge Gorham was also made aware that the probation period for the State’s
 cooperating witness was set to expire and that the State had procured the
 attendance of other witnesses for the 23 April 2018 term of court.
 --Judge Gorham then made her ruling, denying Defendant’s request.

I conclude that Judge Gorham’s decision was not erroneous; 11 she acted within her

authority to deny Defendant’s attempt to delay the trial.

 I note Defendant’s argument that he was somehow misled by Judge Gorham’s

statements at the 3 April 2018 hearing, three weeks before trial; that is, he relied on

a representation by Judge Gorham that she would allow stand-by counsel to

represent him whenever he requested it. Specifically, at that hearing, after Judge

Gorham denied a motion by Defendant to delay the trial, which was set to start in

three weeks, stand-by counsel expressed his concern that he was only preparing to

act as stand-by counsel and would not be prepared to step in and represent Defendant

if called to do so. Judge Gorham responded, stating that she was not going to address

counsel’s concern because Defendant had not made any such request that he do so:

 My understanding from him today is that he still intends
 to represent himself. So, unless he says that to me, that he
 does not want to represent himself anymore, then at that
 point I can appoint you, but that not what [he] has said.

 11 Though the denial of a motion to continue is ordinarily reviewed for an abuse of discretion,
our Supreme Court instructs that when a motion to continue “raises a constitutional issue [such as
the right to the assistance of counsel], the trial court’s action upon it involves a question of law which
is fully reviewable by an examination of the particular circumstances presented by the record on
appeal of each case[,]” State v. Branch, 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982), but that “[t]he
denial of a motion to continue, even when the motion raises a constitutional issue, is grounds for a new
trial only upon a showing by the defendant that the denial was erroneous and also that his case was
prejudiced as a result of the error.” Id. (emphasis added). In this case, given the findings made by
Judge Gorham, findings which are supported by the record, Judge Gorham did not legally err by
denying Defendant’s request.

 7
 STATE V. HARVIN

 DILLON, J., dissenting

Our Supreme Court rejected this identical “reliance” argument in Blankenship.

 In Blankenship, the trial judge told the defendant at a pre-trial hearing that

“[w]hen you tell me you want [stand-by counsel] for your lawyer, I will reinstate him

as your lawyer.” Blankenship, 337 N.C. at 552, 447 S.E.2d at 733. But on the day of

trial, the trial judge denied the defendant’s request to appoint stand-by counsel to

represent him. Id. On appeal, our Supreme Court rejected the contention that

defendant should be entitled to a new trial based on his alleged reliance, in part,

because there was “no showing in the record or transcript that defendant relied on

anything the trial court said in choosing to represent himself.” Id. at 552, 447 S.E.2d

at 732-33.

 Similarly, here, Defendant did not say anything during the 3 April 2018 pre-

trial hearing or any other pre-trial hearing to indicate that he made his decision to

represent himself in reliance on a representation that he could always call up his

stand-by counsel into service. Rather, the record shows that on the day of trial, 23

April 2018, Defendant admitted that he was only asking for his stand-by counsel to

represent him as a way to delay the trial, as he made the request only moments after

his request that his appointed stand-by counsel be replaced was denied and his

subsequent motion to continue was denied. See State v. Jordan, 2019 N.C. App.

LEXIS 404, *8-12 (N.C. Ct. App. May 7, 2019) (following Blankenship in finding no

error where the defendant was denied a request made during trial that his stand-by

 8
 STATE V. HARVIN

 DILLON, J., dissenting

counsel be appointed as his counsel, reasoning that the defendant was unable to show

that he had relied on a statement of the trial court that he would appoint stand-by

counsel as counsel).

 II. No Plain Error in Jury Instructions

 In his second argument, Defendant argues that Judge Gorham plainly erred

by instructing the jury that Defendant could be found guilty on a theory of acting in

concert. I have reviewed the record and conclude that the instruction was supported

by the evidence. But assuming that the instruction was error in that regard, I

conclude that such error did not rise to the level of plain error.

 9